IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY DEWAYNE WYATT, | § | |
| #2007881 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-03401-N (BT) |
| | § | |
| K. BELT, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Timothy Dewayne Wyatt, a state prisoner serving a nine-year sentence for burglary of a habitation,[1] filed a *pro se* petition under 28 U.S.C. § 2254 challenging a disciplinary conviction he received at the Texas Department of Criminal Justice (TDCJ). The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DENY the petition.

I.

On May 15, 2020, Wyatt was informed he had been charged with intentionally taking more than a dozen sandwiches belonging to the State of Texas. Disciplinary Hearing Report (DHR) 3 (ECF No. 13-2). A hearing

_____

[1] *State of Texas v. Timothy DeWayne Wyatt*, Case No. 30441.

officer conducted a disciplinary hearing on May 19, 2020, and found Wyatt guilty as charged. *Id.* As punishment, Wyatt received 30 days of cell restrictions; he lost fifteen days of good-time credit and thirty days of recreational, commissary, and telephone privileges; and his line class (good-time-earning status) was reduced from S3 to L1. *Id.* Following the hearing, Wyatt filed a Step One and a Step Two grievance (ECF No. 13-1 at 3-6), but TDCJ took no further action.

Wyatt then filed his § 2254 petition in this Court, in which he argues:

1. The TDCJ Disciplinary Rules and Procedures for offenders were violated when he was not informed of:

   a. "The nature of the offenses," Pet. 6 (ECF No. 3);

   b. "The Offenders' disciplinary history;" *id.* and

   c. "The period of time since the offender's last rule violation." *Id.*

2. His Eighth Amendment rights were violated when:

   a. he was discriminated against based on race; and

   b. his Double Jeopardy rights were violated when he was put on the shower crew.

Respondent filed a response. Wyatt filed a reply. His claims are thus fully-briefed and ripe for determination.

## II.

The Due Process Clause of Fourteenth Amendment governs an inmate's rights in the prison disciplinary context,  *see Wolff v. McDonnell,*

418 U.S. 539, 557 (1974), and protects the inmate against changes in his conditions of confinement that have a substantial adverse impact. *Sandin v. Conner*, 515 U.S. 472, 478 (1995); *see also Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015) (there must be a deprivation of life, liberty, or property). Indeed, without the imposition of an "atypical and significant hardship" beyond "the ordinary incidents of prison life," an inmate lacks the basis for a federal lawsuit concerning a prison disciplinary action. *Sandin*, 515 U.S. at 484, 486. Due process is satisfied in a disciplinary proceeding when the inmate gets a finding from an impartial decision maker and is also provided with: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (3) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 563-66.

A.

Here, as a result of his disciplinary conviction, Wyatt received thirty days of cell restrictions, and he lost recreational, commissary, and telephone privileges. DHR (ECF No. 13-2) at 3. But these punishments do not impose an atypical and significant hardship beyond the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Rather, they constitute changes in Wyatt's conditions of confinement, and they do not implicate the protections

3

afforded by the Due Process Clause. *See id.* at 486 (finding no liberty interest was implicated when the prisoner was placed in administrative segregation); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (finding a loss of commissary privileges and cell restrictions did not implicate due process concerns). Similarly, the reduction in line class from S3 to L1 will not "inevitably affect the duration of [Wyatt's] sentence." *Sandin*, 515 U.S. at 487. The timing of Wyatt's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular earning status." *Malchi*, 211 F.3d at 959; *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[T]he mere opportunity to earn good-time credits [does not] constitute[ ] a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) ("An inmate has neither a protectible property nor liberty interest in his custody classification[.]"). Therefore, Wyatt has failed to state a claim demonstrating he is entitled to federal habeas relief.

B.

Also, as a result of his disciplinary conviction, Wyatt lost fifteen days of good-time credit. DHR (ECF No. 13-2) at 3. But at that time, Wyatt was not entitled to release on mandatory supervision. "Eligibility for mandatory supervision is determined by the law in effect at the time of the offense for which the defendant is serving." *Jacobs v. Dir., TDCJ-CID*, 2022 WL 1277300, at *2 (E.D. Tex. Mar. 15, 2022), *rec. adopted*, 2022 WL 1272009

4

(E.D. Tex. Apr. 27, 2022); *see also Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005); *In re Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005). Consistent with the mandatory supervision statutes in effect when Wyatt committed his burglary of a habitation offense on July 5, 2014, he was ineligible for release from that conviction on mandatory supervision due to his prior conviction for aggravated assault. *See* Ex. A (ECF No. 12-1); Tex. Gov't Code § 508.149(a)(7) (providing that an inmate in Texas is ineligible for release to mandatory supervision if he is serving a sentence for or was previously convicted of a first or second degree felony under § 22.02 of the Texas Penal Code); *see also* Tex. Penal Code § 22.02 (aggravated assault). The Texas legislature has excluded Wyatt from eligibility for mandatory supervision, and for this reason, he has no liberty interest in his good time credits. *See Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) ("No court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute.") (citing *Madison*, 104 F.3d at 768-69).

To the extent the Court construes Wyatt's petition to argue that his disciplinary proceeding will adversely impact his parole eligibility, he also fails to state a claim that implicates due process concerns. The United States Supreme Court has held that a state prisoner does not have a federal

5

constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v Allen*, 482 U.S. 369, 378 & 378 n.10 (1987). Similarly, states have no duty to establish a parole system, and a prisoner therefore has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7-8 (1979). In Texas, there is no constitutional right to release on parole. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). For these reasons, Wyatt cannot sustain a constitutional claim based on an argument that his disciplinary proceedings will adversely impact his eligibility for parole.

### III.

The Court should DENY Wyatt's § 2254 petition because it does not state an actionable basis for relief under federal habeas corpus law.

Signed October 27, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).